IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN PETROVIA,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT SHELLENBERGER, *Baltimore County State's Attorney*,<br>JESSICA PILARSKI-BORRIS, *Assistant State's Attorney*,<br><br>    Defendants. | Civil Action No.:  JRR-23-1497 |

**MEMORANDUM**

Self-represented Plaintiff Ryan Petrovia filed the above-captioned Complaint on June 1, 2023, along with a Motion for Leave to Proceed in Forma Pauperis which shall be granted. Plaintiff seeks to bring a malicious prosecution claim against State's Attorney Scott Shellenberger and Assistant State's Attorney Jessica Pilarski-Borris.  ECF No. 1.  For the reasons that follow, the Complaint will be dismissed without prejudice.

Upon review of the Complaint, the Court finds that it lacks subject matter jurisdiction.  Mr. Petrovia alleges that he was arrested by Baltimore County Police on August 11, 2019, and subsequently charged with first-degree and second-degree assault.  ECF No. 1 at 2.  He states that the charges were litigated in the Circuit Court for Baltimore County for twenty months before they were entered nolle prosequi by the Baltimore County State's Attorney's Office on June 23, 2021. *Id.*  Mr. Petrovia seeks monetary compensation for his malicious prosecution.  *Id.* at 3.

Under 28 U.S.C. § 1331, a federal court has jurisdiction if a dispute between parties arises under the Constitution, laws, or treaties of the United States, also known as federal question jurisdiction.  28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552

(2005).  Here, Mr. Petrovia seeks relief for a claim of malicious prosecution.  However, malicious prosecution is a common law tort claim, which does not invoke federal law.  *See Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts 874 (5th Ed.1984)).[1]

Therefore, at most, Mr. Petrovia alleges a state law claim against Defendants.  As both Mr. Petrovia and Defendants are Maryland residents, the Court does not have diversity jurisdiction over this claim.  *See* 28 U.S.C. § 1332(a).  Without a jurisdictional basis for suit in federal court, the Court must dismiss this action.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Accordingly, the Complaint will be dismissed without prejudice; Mr. Petrovia may pursue his claim in the appropriate state court if he so chooses.

A separate Order follows.

___6.21.23_____  
Date

_____/S/_____  
Julie R. Rubin  
United States District Judge

---

[1] "The common law tort of malicious prosecution is well-established: a prima facie case of malicious prosecution must include (1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice."